UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COLETTE SAVAGE,

            Plaintiff,

    v.

MARK SAVAGE,

            Defendant.

Case No. 19-cv-07994-DMR

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF**

Re: Dkt. Nos. 14, 16, 18

Pro se Plaintiff Colette Savage, a resident of Idaho, filed this lawsuit against her brother Mark Savage, a Texas resident. She subsequently filed two motions for a preliminary injunction or temporary restraining order ("TRO"). [Docket Nos. 14, 18.] Defendant opposes both motions. [Docket No. 19.] He also moves pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(1)-(6) to dismiss the complaint. [Docket No. 16.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Defendant's motion is granted in part. Plaintiff's motions are denied.

# I.      BACKGROUND

## A.      Factual Background

Plaintiff's complaint, which is 93 pages long and has over 140 pages of attachments, is confusing and difficult to understand. Plaintiff challenges Defendant's actions with respect to a promissory note and family trust. The complaint contains numerous references to state court proceedings in Texas and California. As best as the court can tell, the heart of Plaintiff's complaint is that a court order issued by a state court in Texas regarding the promissory note conflicts with orders by a California state probate court. Compl. 15. Plaintiff alleges that she was "prevented from suing" Defendant in Texas for fraud-related behavior, and that he was therefore able to "garnish" her inheritance by obtaining an "erroneous" monetary judgment in Texas and

United States District Court
Northern District of California

then enforcing it against her in California.  *Id.* at 10, 14.  According to Plaintiff, "[t]he entire litigation in Texas was a premeditated hoax on a fake debt," and the "[**c**]**onflicting orders**" by the Texas and California courts "**must be resolved**."  *Id*. at 16, 17 (emphasis in original). *Id*. at 16.

Plaintiff attached three court orders to the complaint:

- October 25, 2016 order by the Honorable George A. Miram, Superior Court of the State of California, County of San Mateo, in *In re The William B. & Beatrice S. Savage Family Trust, dated 4 October 1993 (and Restatement Thereto)*, Case No. PRO124417, ordering that two promissory notes called the "California Notes" are "cancelled and extinguished and there is no further action to collect on the California Notes that can or will be taken."  Compl. Ex. 3.

- January 31, 2017 order by the Honorable A. Lee Harris, 66th Judicial District Court of Hill County Texas, in *Colette Clara Savage v. Mark Savage*, Cause No. 52, 939, granting Defendant Mark Savage's second motion for summary judgment, ordering that he "is entitled to recover a judgment against the Plaintiff on the Promissory Note dated August 22, 2014 in the original principal amount of $240,000 . . . executed by Plaintiff and payable to the order of Defendant," and entering judgment for Mark Savage in the amounts of $290,497.27 as the total principal and interest and $77,546.93 as attorneys' fees.  Compl. Ex. 4.

- February 1, 2017 Clerk's Judgment by Superior Court of the State of California, County of Marin, in *Mark Savage v. Colette Clara Savage*, Case No. CIV 1700381, entering the January 31, 2017 judgment by the Hill County, Texas court in Mark Savage's favor against Colette Savage for the principal amount of $368,479.42. Compl. Ex. 4.

The legal claims asserted by Plaintiff in this lawsuit are voluminous and unclear.  The complaint begins by listing over 50 separate "causes of action," although some are not actually claims for relief, such as "collateral estoppel," "res judicata," and "illegal bifurcation."  *See* Compl. 2-5.  Elsewhere, Plaintiff alleges claims for theft, fraudulent inducement, perjury, filing a

2

false claim in court, "fiduciary misapplication/misappropriation," "elder fraud," violation of the

Unfair Debt Collection Practices Act, violation of the Fair Debt Collection Practices Act, "Texas

Statutory Fraud," misrepresentation of securities, "1st 5th 7th 14th Constitutional Violations,"

suppression of evidence, conversion under Texas law, evidence tampering, violation of California

Civil Code section 1624, violation of the 14th Amendment to the United States Constitution,

malicious prosecution, breach of contract, "duress and emotional distress," pro se discrimination,

racketeering, slander of title, and tortious interference with expectation of inheritance, among

others.  Compl. 31-91.

### B.    Procedural History

Plaintiff filed this lawsuit on December 5, 2019.  On February 27, 2020, the court issued

an order noting that Defendant had not been served with the summons and complaint and that the

deadline for service was March 4, 2020 pursuant to Federal Rule of Civil Procedure 4(m).  The

court ordered Plaintiff to file either timely proof of service of the summons and complaint or a

status report regarding service of those documents.  [Docket No. 8.]

In response, Plaintiff filed a proof of service purporting to show that Defendant had been

personally served on January 28, 2020.  [Docket No. 11.]  She also filed a letter to the Clerk in

which she stated that "[i]t appears that [Defendant] has defaulted on this claim."  [Docket No. 12.]

Accordingly, on March 20, 2020, the court ordered Plaintiff to file a request for entry of

Defendant's default by no later than April 10, 2020.  [Docket No. 13.]

On March 26, 2020, Plaintiff filed a document entitled "Temporary or Permanent

Injunction Immediate Irreperable [sic] Harm From Trust Proceeds by Unlawful Means."  [Docket

No. 14 (1st Mot. for Prelim. Injunction/TRO).]  In her motion, Plaintiff asks the court to stay the

transfer to Defendant of $368,000 from her Bank of Marin bank account and to "injunct" her

properties in Texas.  *Id.* at 6.  Plaintiff did not cite any authority for the relief she requested, nor

did she notice the motion for a hearing or submit proof of service of the motion on Defendant.  On

March 31, 2020, Plaintiff filed a second request for an "Injunction on Bank of Marin account."

[Docket No. 18 (2d Mot. for Prelim. Injunction/TRO).]  Plaintiff again did not cite authority for the

relief requested, notice the motion for a hearing, or provide proof of service of the motion on

1   Defendant.

2       On April 4, 2020, Defendant appeared in this action through an attorney and filed the

3   present motion to dismiss the complaint along with a request for judicial notice ("RJN").  [Docket

4   No. 16.]  He subsequently filed an opposition to Plaintiff's two motions for preliminary injunction

5   or TRO.  [Docket No. 19.]  Plaintiff timely filed an opposition to the motion to dismiss in which

6   she asks the court to enter Defendant's default.[1]  [Docket No. 21.]  The court referred Plaintiff's

7   request for default to the Clerk of the Court, and on May 8, 2020, the Clerk denied the request for

8   entry of default.  [Docket Nos. 25, 26.]

9   **II.    REQUEST FOR JUDICIAL NOTICE**

10      In support of his motion to dismiss, Defendant asks the court to take judicial notice of 12

11  decisions, pleadings, and orders of the First Appellate District of the California Court of Appeals,

12  Marin County Superior Court, the 66th Judicial District Court of Hill County, Texas, the Texas

13  Tenth Court of Appeals, and the Texas Supreme Court.  He asserts that they are relevant to his

14  motion.  [Docket No. 16-3 (RJN).]  Plaintiff does not object to the court taking judicial notice of

15  these documents.

16      Federal courts may "take notice of proceedings in other courts, both within and without the

17  federal judicial system, if those proceedings have a direct relation to the matters at issue."  *U.S. ex*

18  *rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  The

19  exhibits to Defendant's RJN are briefly summarized as follows:

20      • Exhibit A: October 15, 2018 decision by the First Appellate District of the California

21          Court of Appeals affirming an order denying cross-motions for attorneys' fees and

22

23  ---
    [1] Plaintiff's opposition, which is 43 pages long and single-spaced, does not comply with Civil

24  Local Rules 3-4(c) and 7-3(a), which provide that text must be double-spaced with no more than
    28 lines per page and that opposition briefs may not exceed 25 pages.  Plaintiff also filed a

25  document on May 12, 2020 that purports to be a "reply" to Defendant's motion to dismiss.
    [Docket No. 29.]  However, Defendant filed a brief replying to Plaintiff's opposition to the motion

26  to dismiss on April 27, 2020.  [Docket No. 24.]  Under Civil Local Rule 7-3(d), "[o]nce a reply is
    filed, no additional memoranda, papers or letters may be filed without prior Court approval,"

27  except "[i]f new evidence has been submitted in the reply, the opposing party may file and serve
    an Objection to Reply Evidence . . . not more than 7 days after the reply was filed."  Here,

28  Defendant did not submit any evidence with his reply, and Plaintiff did not seek leave to file her
    "reply."  It will therefore not be considered.

United States District Court
Northern District of California

denying a motion to tax costs in *Colette Savage v. Mark Savage*, Superior Court of California, County of San Mateo Case No. PRO-124417, discussing court proceedings regarding two promissory notes executed by Colette Savage in Mark Savage's favor in connection with a $240,000 loan that contained California choice of law provisions, referred to by the court and the parties as the "California notes," and a third promissory note Colette Savage executed in Mark Savage's favor in Texas (referred to by the court as the "Texas note") in connection with the $240,000 loan.

- Exhibit B: August 26, 2016 order by the Honorable Alan Mayfield, Hill County Court, in *Colette Clara Savage v. Mark Savage*, Cause No. 52,939, granting Defendant Mark Savage's motion for summary judgment and determining "that the Defendant is entitled to recover a judgment against the Plaintiff on the Promissory Note dated August 22, 2014 in the original principal amount of $240,000 (the 'Note') executed by Plaintiff and payable to the order of Defendant" and denying all defenses by Plaintiff "to her obligation to pay the Note[.]"

- Exhibit C: January 31, 2017 order by the Honorable A. Lee Harris, Hill County Court, in *Colette Clara Savage v. Mark Savage*, Cause No. 52,939, granting Defendant Mark Savage's second motion for summary judgment, ordering that he "is entitled to recover a judgment against the Plaintiff on the Promissory Note dated August 22, 2014 in the original principal amount of $240,000 . . . executed by Plaintiff and payable to the order of Defendant," and entering judgment for Mark Savage in the amounts of $290,497.27 as the total principal and interest and $77,546.93 as attorneys' fees.[2]

- Exhibit D: July 6, 2018 Order of Dismissal by Judge Harris, Hill County Court, in *Colette Clara Savage v. Mark Savage*, Cause No. CV219-18DC, dismissing the case, denying all claims by Colette Savage with prejudice, awarding Mark Savage attorneys' fees, and taxing costs against Colette Savage.

- Exhibit E: October 24, 2018 decision by the Texas Tenth Court of Appeals affirming

[2] This order is also part of Attachment 3 to Plaintiff's complaint.

5

two summary judgments entered in favor of Mark Savage in *Colette Savage v. Mark Savage*, Hill County Court Cause No. 52,939.

- Exhibit F: April 12, 2019 dismissal of Petitioner Colette Savage's petition for review by the Texas Supreme Court, Case No. 18-1126.

- Exhibit G: April 26, 2019 denial of Petitioner Colette Savage's petition for review and June 7, 2019 denial of Petitioner Colette Savage's petition for rehearing by the Texas Supreme Court, Case No. 18-0437.

- Exhibit H: June 13, 2019 mandate by the Texas Tenth Court of Appeals dismissing appeal by Colette Savage of the judgment of the Hill County Court in *Colette Clara Savage v. Mark Savage*, Cause No. CV219-18DC.

- Exhibit I: June 24, 2019 mandate by the Texas Tenth Court of Appeals affirming the judgments of the Hill County Court in *Colette Savage v. Mark Savage*, Cause No. 52,939.

- Exhibit J: November 22, 2019 denial of petition for writ of mandamus by the Texas Supreme Court in Case No. 19-0086.

- Exhibit K: December 2, 2019 filing by Mark Savage in *Mark Savage, Judgment Creditor v. Colette Clara Savage, Judgment Debtor*, Marin County Superior Court Case No. CIV 1700381.

- Exhibit L: December 17, 2019 order by the Honorable Andrew E. Sweet, Marin County Superior Court, in *Mark Savage, Judgment Creditor v. Colette Clara Savage, Judgment Debtor*, Case No. CIV 1700381, denying Colette Savage's motion for reconsideration of an order denying her motion to vacate a sister-state judgment; granting Mark Savage's motion for an order amending the sister-state judgment and increasing the amount of judgment due to post-judgment costs and attorneys' fees; granting Mark Savage's motion to release to him all funds held in a blocked Bank of Marin account, number 0003-513876, as the amount due on the judgment "exceeds the amount held in the subject account"; and applying the total amount of funds in the Bank of Marin account "as a partial satisfaction of the Sister-State Judgment herein

United States District Court
Northern District of California

against" Colette Savage.

Having reviewed Exhibits A though L to Defendant's RJN, the court concludes that the proceedings before the California and Texas courts are "directly related" to Plaintiff's allegations in this action. Accordingly, the court takes judicial notice of Exhibits A through B and Exhibits D through L. The court denies as moot the request for judicial notice of Exhibit C as it is already attached to Plaintiff's complaint as part of Exhibit 4.

### III.    DEFENDANT'S MOTION TO DISMISS

#### A.  The *Rooker-Feldman* Doctrine

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. He argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because she seeks review of previous state court decisions adjudicating the same claims.

#### 1.    Legal Standard for Rule 12(b)(1) Motion

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations

1   omitted).  "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed

2   without prejudice so that a plaintiff may reassert his claims in a competent court."  *Frigard v.*

3   *United States*, 862 F.2d 201, 204 (9th Cir. 1988).

### 2.      Discussion

5   "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal

6   courts from exercising appellate review over final state court judgments."  *Reusser v. Wachovia*

7   *Bank, N.A.*, 525 F.3d 855, 858-9 (9th Cir. 2008).[3]  The "doctrine forbids a losing party in state

8   court from filing suit in federal district court complaining of an injury caused by a state court

9   judgment, and seeking federal court review and rejection of that judgment."  *Bell v. City of Boise*,

10   709 F.3d 890, 897 (9th Cir. 2013).  "The purpose of the doctrine is to protect state judgments from

11   collateral federal attack.  Because district courts lack power to hear direct appeals from state court

12   decisions, they must decline jurisdiction whenever they are 'in essence being called upon to

13   review the state court decision.'"  *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030

14   (9th Cir. 2001) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).  The

15   doctrine applies to both final judgments and "interlocutory state court decisions."  *Doe & Assocs.*,

16   252 F.3d at 1030.

17   In order to determine whether the doctrine applies, "a district court first must determine

18   whether the action contains a forbidden de facto appeal of a state court decision."  *Bell*, 709 F.3d

19   at 897 (citing *Noel v. Hall*, 342 F.3d 1148, 1158 (9th Cir. 2003)).  "A de facto appeal exists when

20   'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and

21   seeks relief from a state court judgment based on that decision.'  In contrast, if 'a federal plaintiff

22   asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman*

23   does not bar jurisdiction.'"  *Id.* (quoting *Noel*, 342 F.3d at 1164).

24   If a plaintiff seeks to bring a forbidden de facto appeal, the plaintiff "may not seek to

25   litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which

26   the forbidden de facto appeal is brought."  *Id.* (quoting *Noel*, 341 F.3d at 1158).  The Ninth Circuit

27

28   [3]  The *Rooker-Feldman* doctrine is based on two cases, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1   has clarified that the "inextricably intertwined" language "is not a test to determine whether a

2   claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis.

3   Should the action *not* contain a forbidden de facto appeal, the *Rooker-Feldman* inquiry ends." *Id.*

4   (emphasis in original) (internal citation omitted).

5      Defendant argues that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine

6   because they are identical to allegations and claims for relief that she has already litigated and lost

7   in multiple prior state court actions.  According to Defendant, this court lacks subject matter

8   jurisdiction because Plaintiff is seeking review of previous state court decisions that have rejected

9   her allegations.

10      The court concludes that Plaintiff's lawsuit amounts to a forbidden de facto appeal of state

11   court decisions that entered judgment against her in Defendant's favor regarding a promissory

12   note she executed in Texas.  The judicially-noticeable proceedings document the following

13   sequence of events.  In 2016, the San Mateo County Superior Court held "cancelled and

14   extinguished" two promissory notes which it referred to as the "California Notes."  Compl. Ex. 3.

15   In a 2018 decision affirming an order issued by the San Mateo County Superior Court, the

16   California Court of Appeals discussed the California Notes and the existence of a "third note

17   [Plaintiff] had apparently executed in Texas" in connection with a $240,000 loan.  RJN Ex. A.

18      The parties also engaged in litigation in Texas state court.  In 2016 and 2017, the Hill

19   County Court granted Defendant's motions for summary judgment and held that he was entitled to

20   recover a judgment against Plaintiff regarding an August 22, 2014 promissory note in the original

21   principal amount of $240,000 executed by Plaintiff and payable to Defendant, as well as interest

22   and attorneys' fees.  RJN Ex. B, Compl. Ex. 4.  A Texas appeals court affirmed the orders on

23   summary judgment, RJN Exs. E, I, and the Texas Supreme Court dismissed or denied Plaintiff's

24   requests for review.  RJN Exs. F, G.  On February 1, 2017, the Marin County Superior Court

25   entered the January 31, 2017 Hill County Court judgment in Defendant's favor against Plaintiff

26   for the principal amount of $368,479.42.  Compl. Ex. 4.  Plaintiff moved to vacate the judgment,

27   which the Marin County Superior Court denied, and on December 17, 2019, that court denied her

28   motion for reconsideration of the order denying her motion to vacate, and increased the amount of

1    the judgment owed by Plaintiff.  It also ordered the release of funds from a blocked Bank of Marin

2    account in order to partially satisfy the judgment against Plaintiff.  RJN Ex. L.

3         In this action, Plaintiff's complaint and current motions for injunctive relief make clear that

4    she asserts legal claims that challenge the propriety of various state court orders and seeks relief

5    from those orders.  Thus, Plaintiff challenges the decisions by the Hill County Court entering

6    judgment against her in Defendant's favor, as well as the Marin County Superior Court's entry of

7    the same.  She contends that those decisions are in conflict with the San Mateo County Superior

8    Court's decision holding the two California Notes "cancelled and extinguished":

9
> We have conflicting orders by two State COURTS denying
10
> evidentiary hearings and trial by both Texas and California and are
> requesting this case be viewed in EQUITY. . . . We assert in both
11
> Texas and Marin Court and can prove this petitioner was never heard
> nor granted jurisdiction, nor due process and deprived of all the rules
12
> of civil procedure, equity, and affirmative defenses . . . Texas
> appealed and re-probated the last two California orders in a Texas
13
> court . . . This is an ongoing case in three different jurisdictions
> including now Marin County where Mark Savage and conspirators
14
> filed a SISTER STATE JUDGMENT APPLICATION to avoid San
> Mateo.  PROBATE ORDERS from San Mateo have the authority to
15
> hold the Texas ORDER unenforceable . . . The state of Texas involved
> themselves in a *settled and satisfied California* state matter and re-
16
> opened PROBATE case #124417 and 125167 in Hillsboro, rural
> Texas, using *counterfeit notes as a vehicle* . . .

17   Compl. 10-11 (emphases in original).  A significant portion of the complaint is devoted to

18   explaining why the Hill County Court erred in finding in Defendant's favor regarding the

19   promissory note at issue in Texas.  Further, in her motions for injunctive relief, Plaintiff seeks a

20   stay of the transfer of money from her Bank of Marin bank account to Defendant.  This request for

21   relief is a direct challenge to the Marin County Superior Court's order directing the release of

22   funds from that account to Defendant.  *See* 1st Mot. for Prelim. Injunction/TRO 6; RJN Ex. L.

23   Therefore, because Plaintiff's lawsuit complains "of a legal wrong allegedly committed by the

24   state court, and seeks relief from the judgment of that court," this court lacks jurisdiction to

25   consider her claims pursuant to the *Rooker-Feldman* doctrine.  *See Noel*, 341 F.3d at 1163.

26        Additionally, Plaintiff alleges throughout her complaint that the promissory note at issue in

27   Texas is "counterfeit" and "fraudulent," was rescinded by Plaintiff, was part of a "debt loan

28

United States District Court
Northern District of California

1   scheme," was "re-laundered and re-trafficked," and violated Texas law.  She asks the court to

2   "uphold LEGAL RESCISSION under FDCPA, under HOBBS ACT, DTPA, and extinguish the

3   notes under various CALIFORNIA PROBATE CODES 17211 AND 3-305."  Compl. 11-15.  This

4   request for relief also amounts to a "forbidden de facto appeal of a state court decision," *see Bell*,

5   709 F.3d at 897, because at least some of Plaintiff's defenses to her obligation to pay the note have

6   already been adjudicated in Defendant's favor.  Specifically, in its August 26, 2016 order entering

7   judgment in Defendant's favor, the Hill County Court held that unspecified defenses "to

8   [Plaintiff's] obligation to pay the Promissory Note which is the subject of [the order] . . . are

9   hereby denied."  RJN Ex. B.

10           Plaintiff does not respond to Defendant's argument that her claims are barred by the

11   *Rooker-Feldman* doctrine, and does not explain how any of her claims escape the jurisdictional

12   bar.  The court concludes that it lacks subject matter jurisdiction over Plaintiff's claims.  As

13   discussed above, Plaintiff challenges the judgments by the Texas state court and Marin County

14   Superior Court and asks the court to "extinguish" the promissory note at issue in Texas; in other

15   words, she asks this court to "review and reject[] those [state court] judgments."  *See Exxon Mobil*

16   *Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  As a result, the court must

17   refuse to hear what is a "de facto appeal from" those decisions, and "must also refuse to decide

18   any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state

19   court in its judicial decision."  *Noel*, 341 F.3d at 1154.  Accordingly, the court concludes that the

20   *Rooker-Feldman* doctrine bars this court from exercising subject matter jurisdiction over

21   Plaintiff's complaint.  Her complaint is therefore dismissed.  This dismissal is without prejudice,

22   as the Ninth Circuit has held that "[o]rdinarily, a case dismissed for lack of subject matter

23   jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a

24   competent court."  *Frigard*, 862 F.2d at 204.

25           **B.      Defendant's Other Arguments in Favor of Dismissal**

26           Defendant raises several additional arguments in favor of dismissing Plaintiff's complaint.

27   Def.'s Mot. 7-16.  As the court concludes that it lacks subject matter jurisdiction over this action,

28   it does not reach the merits of those arguments.

## IV.    MOTIONS FOR PRELIMINARY INJUNCTION/TRO

Plaintiff filed two motions for injunctive relief.  In her first motion, Plaintiff appears to ask the court to stay the transfer of $368,000 from her Bank of Marin bank account to Defendant and "injunct" her properties in Texas.  1st Mot. for Prelim. Injunction/TRO 6.  She seeks the same relief in her second motion.  2d Mot. for Prelim. Injunction/TRO 3.  As discussed above, the court lacks subject matter jurisdiction over Plaintiff's complaint.  Therefore, the motions for injunctive relief are denied without prejudice.

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed without prejudice.  Plaintiff's motions for injunctive relief are denied.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: May 18, 2020



Donna M. Ryu
United States Magistrate Judge