UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLETTE CLAIRE SAVAGE,<br>    Plaintiff,<br>    v.<br>MARK SAVAGE,<br>    Defendant. | Case No. 19-cv-07994-DMR<br><br>**ORDER ON MOTIONS FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 33, 39 |

Pro se Plaintiff Colette Savage filed a lawsuit against her brother, Defendant Mark Savage. She subsequently filed two motions for a preliminary injunction or temporary restraining order. Defendant moved to dismiss the complaint. On May 18, 2020, the court granted the motion to dismiss and dismissed the complaint on the ground that the court lacks subject matter jurisdiction over Plaintiff's claims because they are barred by the *Rooker-Feldman* doctrine. The court also denied Plaintiff's motions for injunctive relief and entered judgment the same day. [Docket Nos. 31, 32.]

Plaintiff filed a motion for reconsideration and/or relief from the judgment. [Docket No. 33.] On September 18, 2020, while the motion for reconsideration was still pending, Plaintiff filed a third motion for a preliminary injunction seeking to enjoin writ of execution proceedings in Texas court and a request for an "Emergency Stay of Execution." [Docket Nos. 35, 37.] On October 5, 2020, the court issued an order clarifying that because the orders dismissing the complaint and entering judgment against Plaintiff have not been vacated or set aside, the court lacks subject matter jurisdiction over Plaintiff's claims, including her newly-raised claims for injunctive relief. [Docket No. 38.] On October 13, 2020, Plaintiff filed an objection to the court's October 5, 2020 order, which the court construes as a motion for reconsideration of that order. [Docket No. 39.]

These matters are suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Plaintiff's motions are denied.

## I. BACKGROUND

The facts of this case were set forth in detail in the court's May 18, 2020 order dismissing Plaintiff's complaint. *Savage v. Savage*, No. 19-CV-07994-DMR, 2020 WL 2525079, at *1-4 (N.D. Cal. May 18, 2020). In relevant part, Plaintiff's complaint challenges Defendant's actions with respect to a promissory note and family trust and litigation related to the same. The complaint includes three California and Texas state court orders as attachments. At Defendant's request, to which Plaintiff did not object, the court took judicial notice of an additional 12 decisions, pleadings, and orders from California and Texas state courts in litigation involving these parties. *Id*. at *3-4.

Defendant moved pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6) to dismiss the complaint, arguing in part that the court lacks subject matter jurisdiction over the complaint because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. [Docket No. 16.] Plaintiff filed responses to the motion in which she did not address Defendant's *Rooker-Feldman* argument. [Docket Nos. 21, 23.]

In its May 18, 2020 order dismissing the complaint, the court found that "the heart of Plaintiff's complaint is that a court order issued by a state court in Texas regarding the promissory note conflicts with orders by a California state probate court." *Id.* at 1. Having considered the documents attached to the complaint and the judicially-noticeable California and Texas court proceedings, the court concluded that the *Rooker-Feldman* doctrine bars Plaintiff's claims because "Plaintiff's lawsuit amounts to a forbidden de facto appeal of state court decisions that entered judgment against her in Defendant's favor regarding a promissory note she executed in Texas." *Savage*, 2020 WL 2525079, at *5-6. Specifically, Plaintiff's lawsuit "challenge[s] the propriety of various state court orders and seeks relief from those orders." *Id*. at *6. Accordingly, the court concluded that "the *Rooker-Feldman* doctrine bars this court from exercising subject matter jurisdiction over Plaintiff's complaint" and dismissed the complaint without prejudice. *Id*.

Plaintiff now moves for reconsideration and/or relief from the May 18, 2020 judgment

pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1).  She also moves for reconsideration of the October 5, 2020 order denying her third motion for injunctive relief.

## II.     MOTION FOR RECONSIDERATION AND/OR RELIEF FROM THE MAY 18, 2020 JUDGMENT

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order."  However, reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Absent highly unusual circumstances, a motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Under Rule 60(b)(1), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).

In her motion for reconsideration, Plaintiff appears to argue that relief from the May 18, 2020 judgment is justified based on her "not knowing or understanding what" a request for judicial notice was, and because she "had little time to research Rooker-Feldman."  Mot. 2, 26 (emphasis removed).  As an initial matter, these grounds do not justify relief under Rule 59(e) or 60(b)(1), because "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona*, 229 F.3d at 890 (emphasis removed).  Further, the Ninth Circuit has instructed that Rule 60 is to be used "sparingly" and only in "extraordinary circumstances."  *United States v. Wash*., 98 F.3d 1159, 1163 (9th Cir. 1996).  Plaintiff's motion does not demonstrate any of the Rule 59(e) or 60(b)(1) factors justifying relief.

Moreover, nothing in Plaintiff's motion for reconsideration changes the court's determination that it lacks jurisdiction over Plaintiff's complaint.  Plaintiff's argument appears to be the following: when Plaintiff moved for injunctive relief, she submitted several documents with her moving papers, including two 2015 orders by the Honorable George A. Miram, Superior Court of the State of California, in litigation over the William B. and Beatrice S. Savage Family Trust.

3

[Docket No. 33-3 at ECF pp. 2-3, 5-7.] Plaintiff states that she "mistakenly believed and was under the presumption that when she submitted evidence *she was always asking the court to take judicial notice*." Mot. 8 (emphasis in original). According to Plaintiff, these California probate orders "**void all following orders in Texas and subsequent courts**." Plaintiff then goes on to explain that "[n]ow that she is learning about Judicial Notice . . . she would like to oppose the judgments that are introduced by [Defendant] . . . and she lays out why those judgements are void in this brief." *Id*. at 9 (emphasis in original). It appears that Plaintiff now objects to the court taking judicial notice of the decisions, pleadings, and orders submitted by Defendant in connection with his motion to dismiss on the basis that some of the decisions are "void." Plaintiff repeats the central claim she made in her complaint and opposition to the motion to dismiss; that is, that the decisions by the Texas state court were "null and void" for various reasons, including for lack of subject matter jurisdiction, the court's "refus[al] to enforce the proper contract," the court's "refus[a] to apply the law to fact," and the fact that the "California probate orders void all following orders in Texas and subsequent courts." Mot. 7-9, 18-23. According to Plaintiff, the court's decision that her claims are barred by the *Rooker-Feldman* doctrine was based "on the wrong orders." *Id*. at 12.

These arguments reinforce the court's prior decision that "Plaintiff's lawsuit complains 'of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court,'" and that this court accordingly "lacks jurisdiction to consider her claims pursuant to the *Rooker-Feldman* doctrine." *See Savage*, 2020 WL 2525079, at *6 (citing *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (a request to declare a state court judgment void "is squarely barred by *Rooker-Feldman*"). As the court explained, Plaintiff's lawsuit "challenges the judgments by the Texas state court and Marin County Superior Court and asks the court to 'extinguish' the promissory note at issue in Texas; in other words, she asks this court to 'review and reject[ ] those [state court] judgments.'" *Savage*, 2020 WL 2525079, at *6 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). "As a result, the court must refuse to hear what is a 'de facto appeal from' those decisions, and 'must also refuse to decide any issue raised in the suit that is

4

'inextricably intertwined' with an issue resolved by the state court in its judicial decision.'" *Id*. (quoting *Noel*, 341 F.3d at 1154).

Plaintiff also appears to argue for the first time that the *Rooker-Feldman* doctrine does not apply because Defendant committed fraud on the Texas court by concealing the California probate orders. Mot. 9 (Defendant "committed an extrinsic fraud not disclosing those orders." (emphasis removed)). "*Rooker-Feldman* does not bar a federal plaintiff from asserting as a legal wrong that an adverse party engaged in 'conduct which prevent[ed] a [federal plaintiff] from presenting his claim in court.'" *Reusser v. Wachovia Bank,* 525 F.3d 855, 859 (9th Cir. 2008) (citing *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140 (9th Cir. 2004)). However, Plaintiff does not contend that she was prevented from submitting those orders in the Texas state court litigation; to the contrary, she repeatedly accuses the Texas courts of being "well aware of the facts and omissions," disregarding the probate orders, and denying her claims and affirmative defenses. Mot. 18-19; *see Savage*, 2020 WL 2525079, at *6 (finding that Plaintiff's claims "amount[ ] to a 'forbidden de facto appeal of a state court decision' because at least some of Plaintiff's defenses to her obligation to pay the [promissory] note have already been adjudicated in Defendant's favor." (internal citation omitted)). Therefore, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not appear to apply. *See Ezor v. Goetz*, 698 F. App'x 442, 443 (9th Cir. 2017) (holding that the extrinsic fraud exception did not apply because the plaintiff "did not allege any facts showing that he was prevented from presenting his claims in state court.").

In sum, Plaintiff has articulated no basis upon which reconsideration of the May 18, 2020 judgment should be granted.

## III. OBJECTION TO OCTOBER 4, 2020 ORDER

As noted, Plaintiff filed a third motion for a preliminary injunction seeking to enjoin writ of execution proceedings in Texas court on September 18, 2020, and later filed a request for an "Emergency Stay of Execution." [Docket Nos. 35, 37.] The court denied the motions on the ground that it lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff now moves for reconsideration of the court's October 5, 2020 order. [Docket No. 39.] In her motion, Plaintiff again argues that her claims are not barred by the *Rooker-Feldman* doctrine and asserts that the

Texas courts are violating her rights and are part of Defendant's "counterfeit scheme to defraud her." *Id*. at 2, 5-6.

For the reasons discussed above, Plaintiff has not established a basis for the court to revisit or reconsider its order dismissing the complaint for lack of subject matter jurisdiction. Accordingly, Plaintiff's motion for reconsideration of the order denying her third motion for a preliminary injunction is denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration are denied.

**IT IS SO ORDERED.**

Dated: November 10, 2020



Donna M. Ryu
United States Magistrate Judge

6